IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HARVEY L. LOOSEY**                                                                  **PLAINTIFF**

**v.**                              **No. 1:14-CV-129-JLH-JJV**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the Clerk of the Court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Harvey Loosey seeks judicial review of the denial of his application for supplemental security income.[3] Mr. Loosey also applied for disability insurance benefits but he was not eligible because his insured status had expired.[4] Mr. Loosey bases his disability on seizures.[5]

**The Commissioner's Decision**. The Administrative Law Judge (ALJ) identified that Mr. Loosey had severe impairments in the form of history of seizure disorder, myalgia/myositis, pain in joint involving the lower leg, and adjustment disorder with mixed anxiety and depressed mood.[6] However, he assessed that, despite his impairments, Mr. Loosey maintained the residual functional capacity (RFC) do perform work at the medium exertional level.[7] Based on the RFC assessment, the ALJ concluded Mr. Loosey could no longer perform his past relevant work.[8] Using the services of a vocational expert,

---

[3]SSA record at p. 166 (applying on Sept. 13, 2011 and alleging disability beginning Mar. 1, 2010).

[4]*Id*. at pp. 10 & 182 (date last insured: Dec. 31, 2004). *See* docket entry # 12, p.1. *See also* 42 U.S.C. §§ 416(i), 423(c). "In order to receive disability insurance benefits, an applicant must establish that [he] was disabled before the expiration of her insured status." *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[5]SSA record at p. 185.

[6]*Id*. at p. 12.

[7]*Id*. at p. 14.

[8]*Id.* at 24.

the ALJ identified jobs that Plaintiff could perform at the medium and light exertional levels.[9] Accordingly, the ALJ concluded that Mr. Loosey was not disabled and denied his application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12] Mr. Loosey filed the instant Complaint challenging the Commissioner's decision.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Mr. Loosey's Allegations**. Plaintiff says his mental impairment and grand mal seizures prevent him from working. According to Mr. Loosey, any objective consideration of the evidence provides persuasive evidence detracting from the ALJ's decision.[14]

**Applicable Legal Principles**. When reviewing a decision denying an application for benefits, a court must determine whether substantial evidence supports the decision

---

[9]*Id*. at p. 25-26.

[10]*Id*. at p. 25.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]Docket entry # 12.

and whether the ALJ made a legal error.[15] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Mr. Loosey is capable of performing the jobs of kitchen helper, laundry worker, cleaner or cafeteria attendant.[16] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, … he … can also do sedentary and light work."[17]

The ALJ's hypothetical question required work involving simple, repetitive, routine tasks; incidental interpersonal contact; and simple, direct, concrete supervision. The ALJ excluded work involving work hazards and fast-paced quota requirements. The question for the court is whether a reasonable mind will accept the evidence as adequate to show Mr. Loosey can work within these parameters.

A reasonable mind will accept the evidence as adequate for the following reasons:

**1. Mr. Loosey's Seizures**. The record contains no evidence about the nature or origin of his seizure disorder, but according to Mr. Loosey, he first experienced seizures in

---

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[17]20 C.F.R. § 416.967(c).

2005.[18]  He attributes his seizure history to alcohol use and alcohol withdrawal.[19]  This attribution might be true because alcoholism is associated with seizures.[20]  The association is probative of Mr. Loosey's claim because he drank alcohol even though medical professionals advised against drinking.[21]  Continuing to drink alcohol, and knowing it contributed to seizures, is a proper basis to deny Mr. Loosey's application.  The ALJ correctly observed that Mr. Loosey's "own actions discredit his disability allegations because he continued to drink alcohol, against the advice of medical professionals."[22]

Treating seizures focuses on eliminating seizures or making symptoms less frequent and less severe.  "Long-term anticonvulsant drug therapy is the most common form of … treatment."[23]  Doctors prescribed anticonvulsant medication, but Mr. Loosey did not take the medication consistently.[24]  Failing to follow prescribed treatment weighs against a

---

[18] SSA record at p. 314.

[19] *Id*. at pp. 314, 321 & 369.

[20] Maureen Haggerty & Teresa G. Odle, Seizure Disorder, 5 The Gale Encyclopedia of Med. 3889 (4th ed.).

[21] SSA record at pp. 314, 317, 321, 364 & 368.

[22] *Id*. at p. 21.

[23] Maureen Haggerty & Teresa G. Odle, Seizure Disorder, 5 The Gale Encyclopedia of Med. 3889 (4th ed.).

[24] SSA record at p. 316 (out of medication for one week), p. 317 (stopped taking medication 4 to 5 months ago), p. 318-20 (no show for three medication refill appointments) & p. 364 (usually takes morning and noon doses, but forgets evening dose).

5

claimant's credibility[25] and is a basis to deny his application.[26]

More importantly, the evidence shows that when Mr. Loosey took his prescribed medication, he reported good seizure control.[27] The ALJ correctly observed that "when the claimant was compliant with his medications, they had been relatively effective in controlling his symptoms."[28]  "An impairment which can be controlled by treatment or medication is not considered disabling."[29]

2.     **Mr. Loosey's Other Physical Impairments.**

Other physical issues provide no basis for disability.  The ALJ identified myalgia/myositis and joint pain as impairments, but myalgia, myositis, and joint pain are not medically determinable impairments.  Instead, they are symptoms of an underlying impairment.[30]  "A 'symptom' is not a 'medically determinable physical or mental

---

[25]*Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

[26]20 C.F.R. § 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

[27]*Id*. at p. 317 (good control while on medication), p. 349 (medication helped me a lot), p. 362 (taking medication regularly, seizure disorder under good control) & p. 376 (seizures well controlled with medication).

[28]*Id*. at p. 21.

[29]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[30]*See* Stedman's Med. Dictionary (27th ed.) (defining myalgia as muscular pain and myositis as muscle inflammation); 4 Attorneys' Dictionary of Med. 79244(defining myalgia as pain in a muscle or in several muscles); 1-6 Lawyers' Med. Cyclopedia § 6.16 (indicating myositis is inflammation of the muscles). There is a rare disease called myositis — affecting one in 10 million people — but a diagnosis requires diagnostic testing to rule out other

impairment'… no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment."[31] And the ALJ correctly observed that Mr. Loosey complained about joint pain to a medical professional only once[32] — when he asked the medical provider to complete a disability questionnaire.[33]

The evidence fails to show Mr. Loosey is completely disabled. Excluding work hazards minimizes the risk posed by a future seizure. A reasonable mind will accept the evidence as adequate to support the decision.

3.   **Mr. Loosey's Mental Impairments**. Although Mr. Loosey did not base his claim on mental impairment, the ALJ ordered a mental diagnostic exam after Mr. Loosey's wife testified her husband was depressed and forgetful.[34] Mr. Loosey attributed his symptoms to being charged with murder and fearing family retaliation.[35] The mental examiner diagnosed adjustment disorder with mixed anxiety and depressed mood, and

---

conditions that can affect muscles. Judith Sims, 4 The Gale Encyclopedia of Med. 3003-04 (4th ed.). Mr. Loosey has not undergone such testing.

[31]SSR 96-4p, *Pol'y Interpretation Ruling Titles II & XVI: Symptoms, Medically Determinable Physical & Mental Impairments, & Exertional & Nonexertional Limitations*.

[32]SSA record at p. 20.

[33]*Id*. at p. 362.

[34]*Id*. at p. 54.

[35]*Id*. at pp. 38, 368, 374

disruptive behavior disorder by history.[36]

The mental examiner suspected Mr. Loosey would test in the range of mild mental retardation[37] and reported disabling limitations.[38] According to the examiner, Loosey is markedly limited in performing even short, simple instructions and interacting with others, so as to preclude all work.[39] However, the ALJ discounted this opinion because the examiner "relied quite heavily on the subjective report of symptoms and limitations … and seemed to uncritically accept as true most, if not all, of what [Mr. Loosey] reported. The record showed that the claimant had a history of semi-skilled and skilled work, had preformed work well above the level of substantial gainful activity, had been able to obtain a driver's license and maintained contact with his family."[40]

It is significant that Mr. Loosey never sought nor received mental health treatment. Despite the lack of treatment, the ALJ correctly observed that Mr. Loosey functions "at a largely normal level on a daily basis with the single exception that he did not engage in

---

[36]*Id*. at p. 370.

[37]*Id*. at p. 368.

[38]*Id*. at p. 373.

[39]*Id*. at pp. 373-74.

[40]*Id*. at pp. 22-23.

gainful work activity."[41] Mr. Loosey attributed not working to seizures,[42] not mental impairment. To the extent he is mentally impaired, the ALJ responded appropriately by limiting Mr. Loosey to simple, repetitive, routine tasks and limiting interpersonal contact. A reasonable mind will accept the evidence as adequate to show Mr. Loosey can work within the ALJ's limitations.

**4.   Vocational Evidence**. The vocational expert excluded Mr. Loosey's past work, based on the ALJ's requirement for simple routine tasks and the exclusion of work hazards.[43] The vocational expert identified kitchen helper and laundry worker as available medium work, and cleaner and cafeteria attendant as available light work.[44] The availability of these representative jobs shows work exists that Mr. Loosey can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[45] Because work exists that Mr. Loosey can perform, despite his impairments, the ALJ properly determined he is not disabled

---

[41]*Id*. at p. 19.

[42]*Id*. at p. 39 ("I had a seizure while I was cutting down some trees there and about fell a tree on a skidder. They decided they really didn't need me any more."), p. 201 ("No one will hire me because of [seizures. And I am afraid I will hurt someone else when I have one or myself.") & p. 266 ("No one will hire me because of my [seizures]. The work I did do is [too dangerous] to do with [seizures] and if I get [too] hot I will sometimes have [seizures].").

[43]*Id*. at p. 306.

[44]*Id*. at p. 310.

[45]42 U.S.C. § 1382c(a)(3)(B).

under the social security law.

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  Mr. Loosey's impairments do not prevent some medium work.  The ALJ made no reversible legal error.  For these reasons, the undersigned magistrate judge recommends AFFIRMING the Commissioner's decision and DISMISSING Plaintiff's Complaint with prejudice.

Dated this 20th day of October, 2015.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE